1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARIANNE RENEE CABALLERO            No.  2:14-cv-1030-EFB
     RODRIGUEZ,
12
                 Plaintiff,
13                                       ORDER
           v.
14
     NANCY A. BERRYHILL, Acting
15   Commissioner of Social Security,

16               Defendant.

17

18        Plaintiff's counsel moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b)

19   (ECF No. 18), and plaintiff moves to redact her birth date from the order granting her motion for

20   summary judgment (ECF No. 21).  For the reasons discussed below, the motions are granted.

21   I.    Attorney's Fees

22        Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff seeks an award of attorney's fees in

23   the amount of $39,973.45, which is 25 percent of past benefits due to plaintiff.[1]  ECF No. 18.

24   Plaintiff entered into a retainer agreement with her attorney which states that she would pay

25   counsel 25 percent of any past-due benefits won as a result of the appeal in this case.  ECF No.

26   19-3.  Counsel spent 29 professional hours on plaintiff's case.  ECF No. 18-4.

27        ───────────────────
           [1] Defendant takes no position in the reasonableness of counsel's request.  *See* ECF No. 20
28   at 3.

                                         1

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc)

After this court remanded for further proceedings, plaintiff was found disabled and awarded past-due benefits in the amount of $159,893.80. ECF No. 18-2. Counsel's request for $39,973.45, which is 25 percent of the past-due benefits, would constitute an hourly rate of $1,378.39. Counsel did not delay these procedures and her representation of plaintiff was not substandard. Indeed, she successfully represented her client's interests before this court. Although the hourly rate exceeds the rate awarded in the majority of social security cases, based on the risk of loss taken in representing plaintiff, the quality of counsel's representation, counsel's experience in the field of Social Security law, and the results achieved in this case, the court finds that fee request is reasonable. *See Jamieson v. Astrue*, No. 1:09cv0490 LJO DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169.49 reasonable); *Smith v. Astrue*, No. CIV S-06-2373 DAD, 2011WL 5024462, at *2 (E.D. Cal. Oct. 20, 2011) (awarding fee at effective hourly rate of $1,015); *Naddour v. Colvin*, No.: 13-CV-1407-BAS,

2016 WL 4248557 (S.D. Cal. Aug. 11, 2016) (awarding fee at effective hourly rate of $1,063);

*Kazanjian v. Astrue*, No. 09 civ. 3678 (BMC), 2011 WL 2847439, at *1-2 (E.D.N.Y. July 15,

2011) (finding that counsel "performed well, diligently, and with unusual efficiency," and

awarding fee at hourly rate of $2,100).

Counsel concedes that the $39,973.45 award should be offset in the amount of $5,511.36

for fees previously awarded under the Equal Access to Justice Act ("EAJA").  ECF No. 18-1 at 1.

Accordingly, counsel will be granted $34,462.09 pursuant to 42 U.S.C. § 406(b).  *See Gisbrecht

v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both

EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

II.      Motion to Redact

Plaintiff moves to redact her birthdate from the court's order granting her motion for

summary judgment.  ECF No. 21.  The Commissioner does not oppose plaintiff's motion.  ECF

No. 23.

Under Local Rule 140(a)(iv), court documents shall use the year of birth in place of the

specific birth date, unless the court orders otherwise.  Accordingly, plaintiff's motion to redact

her birth date is granted.

III.     Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 32) is granted;

2. Plaintiff's counsel is awarded $34,462.09 in fees pursuant to 42 U.S.C. § 406(b);

3. Plaintiff's motion to redact her birth date (ECF No. 21) is granted; and

4. The Clerk of the Court is directed to replace ECF No. 12 with a copy of the order

omitting plaintiff's birth date.

DATED:  November 27, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3